IP WORKS, PLLC
Catherine A. Cavella, Esq. (PA Bar No. 209040)
Kevin Kehrli, Esq. (PA Bar No. 328541)
196 W. Ashland Street, Suite 101
Doylestown, PA 18901
Tel: (215) 348-1442
Email: CCavella@ipworkslaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMIE COYLE, an individual, dba CoylesWoodShop,<br><br>Plaintiff,<br><br>vs.<br><br>BEAU MELLINGER, an individual, dba LB Designs,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Jamie Coyle, a South Carolina resident doing business as CoylesWoodshop ("Plaintiff" or "Coyle") brings this action against Defendant Beau Mellinger ("Defendant" or "Mellinger") for: (1) False DMA Takedown under 17 U.S.C. Section 512(f) ; and (2) common law unfair competition. These claims arise from Defendant's knowing misuse of the takedown procedure set forth in 17 U.S.C. Section 512 (commonly known as the "DMCA"). Defendant and Plaintiff both operate online stores selling floating shelves on the e-commerce site Etsy.com. Plaintiff, Defendant, and several other sellers sell floating shelves on Etsy, including designs with a fluted edge, a popular design. Defendant wished to be the only seller on Etsy selling a fluted-edge floating shelf. To this end, Defendant began an aggressive campaign taking down competing listings on Etsy using the DMCA takedown procedure and falsely claiming the competing listings violated his copyrights. Moreover, Defendant coupled the takedowns with ongoing harassment

against Plaintiff, including threats of litigation, asserting rights he plainly does not have under the law. Defendant was, or should have been, aware that Plaintiff's photographs do not infringe Defendant's photographs. As a result of Defendant's actions, Plaintiff's competing Etsy listings remain down, allowing Defendant to capture sales that otherwise would go to Plaintiff. Accordingly, Plaintiff seeks both monetary damages and injunctive relief in this Complaint, and alleges as follows:

## The Parties

1. Plaintiff Jamie Coyle is South Carolina resident doing business as CoylesWoodshop, with its principal place of business in Boiling Springs, South Carolina.

2. Defendant, Beau Mellinger, is a Pennsylvania resident doing business as LB Designs, with a principal place of business in Lititz, Pennsylvania.

## Jurisdiction

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 17 U.S.C. Section 512(f); and under 28 U.S.C. Section 1332(a)(1), in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Defendant because he resides in the Commonwealth of Pennsylvania.

5. Defendant's activities are significant and ongoing, as Plaintiff's competing listings remain down, costing Plaintiff in excess of $800.00 a day.

## Venue

6. Venue is proper in this Judicial District because Defendant resides and does business in the district.

**Statement of Facts**

1. Since around 2017, Plaintiff Jamie Coyle, with her husband David Coyle, has operated an Etsy shop (first as HandmadeByPennyMay and then as CoylesWoodShop), selling wooden floating shelves, among other things. The shop is their full-time business, supporting them and their six children. Their products are custom shelving handmade by them in their shop in South Carolina. Over the past eight (8) years they have earned a reputation for high-quality, beautiful and versatile shelving made in the USA. As a result, their listings are popular.

2. Since approximately one year ago, Defendant Beau Mellinger has operated a competing Etsy shop known as LBDesignspa, selling floating shelves, including designs with fluted edges.

3. Fluted edging of the kind shown in Defendant's Etsy shop, is a common and popular detail for shelving. Shelving with fluted edging has been sold for years throughout the United States by various sellers including big-box retailers such as Target, West Elm and Kohls, as well as numerous sellers on Amazon.

4. Etsy shows many other sellers selling wooden floating shelves, including designs with fluted edges. However, Etsy had more sellers selling fluted-edge floating shelves before Defendant began his anti-competitive activities alleged herein.

5. On information and belief, Defendant, wishing for a shortcut to increased sales, devised a plan to remove competing listings on Etsy.com in order to "corner the market" for fluted-edge floating shelving on that platform, thus garnering all sales of fluted-edge floating shelving on Etsy.

6. In or around December, 2025, Defendant began an aggressive campaign taking down competing listings on Etsy using the DMCA takedown procedure codified in 17 U.S.C. Section 512, falsely claiming the competing listings violated his copyrights.

7. Plaintiff is one of 6 or 7 Etsy sellers who had been selling fluted-edge floating shelving on Etsy and had their competing listings removed as a result of Defendant's DMCA takedowns against them.

8. Defendant initiated the takedowns of his competitors in early December 2025, the beginning of the period between "Black Friday" and Christmas, which is known to be the peak season for online shopping.

9. As a result of Defendant's takedown notices, Etsy removed two of Plaintiff's listings on December 8, 2025 and two more of Plaintiff's listings on December 9, 2025.

10. Plaintiff's Etsy listings that were removed had been generating over $800 in sales revenue per day for Plaintiff's shop.

11. Upon receipt of Defendant's takedown notices, Plaintiff challenged Defendant's asserted right to be the exclusive seller of fluted-edge floating shelving and Defendant's repeated assertions that Plaintiff's listings used AI-generated photos derived from Defendant's product photos, which Plaintiff knew to be untrue.

12. From December 7, 2025 to December 17, 2025, Defendant subjected Plaintiff to ongoing harassment, including threats of litigation, repeatedly asserting without evidence rights he plainly does not have under the law.

13. On December 18, Defendant filed suit against Plaintiff alleging copyright infringement and false DMCA filing and submitted the unserved court filing to Etsy to ensure Plaintiff's listings remained down.

14. Defendant knew or should have known that Plaintiff's photographs do not infringe Defendant's photographs.

15. As a result of Defendant's actions, Plaintiff's competing Etsy listings remain down, allowing Defendant to capture sales, including holiday sales, that otherwise would go to Plaintiff, causing ongoing damage to Plaintiff.

## FIRST CAUSE OF ACTION
### (Common Law Unfair Competition)

16. Plaintiff hereby realleges and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

17. Defendant began selling floating shelving, including the fluted edge design, on Etsy in or around 2024, seven years after Plaintiff opened its Etsy store.

18. In or around the fourth quarter of 2025, on information and belief, Defendant noticed other sellers on Etsy, including Plaintiff Coyle, were generating significant sales of wooden floating shelving, including listings showing fluted edging.

19. Desirous of capturing those sales for himself, Defendant devised a scheme whereby he would claim exclusive rights to the fluted-edge shelving design and accuse competing sellers of unauthorized copying of his fluted-edge design, which he called his "trade dress."

20. At no time has Defendant taken any action to register rights in and to his alleged "trade dress", nor to obtain a design patent on his allegedly proprietary fluted-edge design, nor even to register copyrights in the photographs he alleges were copied.

21. Defendant admits he began selling the fluted-edge shelf design on Etsy in October 2024, making any allegation of trade dress in the design spurious on its face.

22. In order to use the DMCA takedown procedure to remove all competing listings from Etsy, and knowing the claim to be false, Defendant claimed all competing listings on Etsy

violated the copyrights in his unregistered photographs and initiated DMCA takedowns against them.

23. As a result, Plaintiffs competing listings as well as the competing listings of 5 or 6 other Etsy sellers were removed from Etsy in early December 2025, leaving only Defendant's listings to capture all sales of fluted-edge floating shelving.

24. When Plaintiff challenged Defendant's unsupported assertions of trade dress, exclusive design rights and copyright infringement, Defendant engaged in a series of increasingly aggressive communications and escalating threats, culminating in filing a federal lawsuit against Plaintiff in the Eastern District of Pennsylvania (Case 5:25-cv-07175-JLS) on December 18, 2025, and reporting the filing to Etsy to ensure Plaintiff's listings remained down.

25. Defendant's actions have materially and significantly damaged Plaintiff, causing her severe emotional distress, and Plaintiff's business, costing Plaintiff and her family thousands of dollars in lost sales and attorney fees at Christmastime.

26. Meanwhile, Defendant has been unjustly enriched by the sales of fluted-edge floating shelving that would have gone to Plaintiff and her competitors on Etsy, all of whom were removed in bad faith by Defendant.

27. As a proximate result of Defendant Mellinger's unfair competition, Plaintiff Coyle has suffered and continues to suffer monetary expense, damage to her business, goodwill, reputation, and profits, all in an amount to be determined at trial, but not less than $100,000.00.

28. Plaintiff is entitled to recover her damages caused by Defendant's unfair competition and to disgorge Defendant's profits from his willful unfair competition and unjust enrichment.

29. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because she has no adequate remedy at law for Defendant's unfair competition and unless Defendant is permanently enjoined, Plaintiff will suffer irreparable harm.

30. Plaintiff is entitled to enhanced damages and attorneys' fees because Defendant willfully, intentionally, maliciously, and in bad faith engaged in unfair competition making false allegations including false DMCA takedowns against Plaintiff, even filing a meritless lawsuit against Plaintiff.

**SECOND CAUSE OF ACTION**
**(Wrongful DMCA Takedown under 17 U.S.C. Section 512(f))**

31. In or around December 7-10, 2025, Defendant filed DMCA takedowns against all Etsy listings showing fluted-edge floating shelving, including Plaintiff's Listing IDs 4420908638, 4420891447, 4375699194, and 4373864087, claiming the listings violated Defendant's copyrights.

32. In filing the takedowns with Etsy, Defendant knowingly and materially misrepresented that all Etsy listings showing fluted-edge floating shelving, including Plaintiff's Listing IDs 4420908638, 4420891447, 4375699194, and 4373864087, violated Defendant's copyrights.

33. At the time Defendant submitted the DMCA takedowns of Plaintiff's competing listings, Defendant knew or had reason to know the accused photographs, including Plaintiff's photographs, did not violate Defendant's copyrights.

34. Nevertheless, Defendant knowingly and in bad faith proceeded with the takedowns, motivated by a desire to remove the competing listings and keep all the sales for himself.

35. As a proximate result of Defendant's wrongful DMCA takedowns, Plaintiff has suffered and continues to suffer lost sales, monetary expense, damage to her business, goodwill, reputation, and profits, all in an amount to be determined at trial, but not less than $100,000.00

36. Plaintiff is entitled to recover its damages caused by Defendant's wrongful DMCA takedown and to disgorge Defendant's profits and unjust enrichment.

37. Plaintiff is entitled to enhanced damages and attorneys' fees because Defendant willfully, intentionally, maliciously, and in bad faith made false DMCA takedowns against Plaintiff's competing listings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Coyle prays for relief and judgment as follows:

A. Judgment in favor of Plaintiff Coyle and against Defendant Mellinger in an amount to be determined at trial, including, but not limited to compensatory damages and enhanced damages, including disgorgement of profits, and pre-judgment and post- judgment interest, as permitted by law;

B. Permanent injunctive relief enjoining Defendant and any agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendant, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

   i. Requiring the Enjoined Parties to withdraw all infringement reports and takedown requests from Etsy and take all action needed to ensure Plaintiff's competing listings are re-listed on Etsy.com;

   ii. Requiring the Enjoined Parties to voluntarily dismiss the federal complaint filed against Plaintiff;

    iii. Prohibiting the Enjoined Parties from future takedowns of Plaintiff's listings on Etsy or any other platform claiming copying of its photos, "trade dress," "design" or other specious claims without evidence;

    iv. Prohibiting the Enjoined Parties from harassing Plaintiff online, in person or by phone;

    v. Prohibiting the Enjoined Parties from defaming Plaintiff online, in person, by any media on any platform.

C. An award of attorneys' fees, costs, and expenses.

D. Such other and further relief as the Court deems just, equitable, and proper.

## Jury Demand

Pursuant to Rule 38 of the Fed. R. Civ. P., Plaintiff Coyle demands a trial by jury on all issues so triable.

Dated: December 24, 2025
Doylestown, Pennsylvania

Respectfully Submitted,

/s/Catherine A. Cavella
Catherine A. Cavella
Kevin Kehrli
**IP WORKS LAW, PLLC**
196 West Ashland Street, Suite 101
Doylestown Pennsylvania 18901
Email: ccavella@ipworkslaw.com
and kkehrli@ipworkslaw.com
Service: paralegal@ipworkslaw.com
and concierge@ipworkslaw.com
Tel: 215.348.1442
*Attorneys for Plaintiff*